**Barbara J. LAUDER, Plaintiff–Appellee–Cross–Appellant,**

v.

**FIRST UNUM LIFE INSURANCE CO. Defendant–Appellant–Cross–Appellee.**

No. 02–9152, 02–9232.

United States Court of Appeals, Second Circuit.

Aug. 8, 2003.

Peter G. Eikenberry, New York, NY, for Appellant.

Evan L. Gordon, New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, LEVAL, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant First Unum Life Insurance Company ("First Unum") appeals from a district court judgment awarding damages to policy holder Barbara Lauder, following a finding that First Unum's denial of Lauder's claim for disability benefits was "arbitrary and capricious." Plaintiff-cross-appellant Lauder cross-appeals the district court's denial of her motion for attorneys' fees. For the reasons set forth herein, we affirm the damages award, reverse the district court's denial of attorneys' fees to Lauder, and remand for a calculation of reasonable fees.

First Unum challenges $141,427.21 of the $153,512.41 that the district court awarded Lauder in disability benefits. First, First Unum argues that we should vacate our decision in *Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375 (2002), in which we affirmed the district court's finding that First Unum waived its defense of lack of disability. First Unum argues that "newly-discovered evidence" demonstrates Lauder's lack of disability. We find no special conditions that warrant reconsideration of First Unum's waiver.

■ Second, relying on *Peterson v. Cont'l Cas. Co.*, 282 F.3d 112 (2d Cir.2002), First Unum argues that we should reconsider our determination that the period of liability covered by its waiver extends to April 6, 2001, and suggests instead that the effect of its waiver could only apply to the first month of liability (*i.e.*, November 1996). First Unum's reliance on *Peterson* is misplaced. As an initial matter, First Unum brought the *Peterson* decision to the *Lauder* panel's attention in a 28j letter filed in February 2002. The *Lauder* panel neither cited nor addressed the relevance of *Peterson* and First Unum gives no reason for us to reconsider that panel's decision to *sub silentio* reject First Unum's argument regarding the relevance of *Peterson* to this case. Second, even if this panel were to consider the purported relevance of *Peterson*, we conclude that case has no significance here.

■ Third, First Unum argues that the terms of the policy required the district court to offset Lauder's early retirement benefits against her disability benefits. This argument is not supported by the terms of the policy. Under the policy, voluntary acceptance of retirement benefits terminates disability benefits, but the policy explicitly excludes from the defini-

tion of "retirement benefits" "those which reduce the amount of money which would have been paid as retirement benefits at the normal retirement age." Lauder provided evidence that the early retirement benefits she elected to receive diminished the amount of money she will be able to collect when she reaches normal retirement age. Hence, the benefits that Lauder opted to take do not trigger the termination or offset of disability benefits.

We have considered First Unum's other arguments on its appeal and find them to be without merit.

For these reasons, we affirm the district court's September 16, 2002 judgment awarding Lauder benefits for the period November 1, 1996 through April 6, 2001, in the amount of $153,512.41, with the understanding that First Unum did not appeal $12,085.20 of that award.

■ On the other hand, we reverse the district court's denial of Lauder's application for attorney's fees. On this issue, our *Chambless* opinion directs consideration of (1) culpability or bad faith, (2) ability to satisfy a fee award, (3) deterrence effect, (4) relative merits of the parties' positions, and (5) common benefit. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir.1987); 29 U.S.C. § 1132(g)(1). These factors overwhelmingly support an award in this case. There was ample demonstration of bad faith on First Unum's part, including its persistence in advancing its defense of lack of disability in the district court after we had ruled that it had waived this contention, as well as the frivolous nature of virtually every position it has advocated in the litigation. Each of the other *Chambless* factors also favors an award. In our view, upon this record denial of fees is unjustified. We therefore remand for calculation of reasonable attorney's fees and costs.

We hereby AFFIRM the district court's order awarding damages of $153,512.41 to Lauder, REVERSE the district court's order denying Lauder's motion for attorneys' fees, and REMAND solely for calculation of reasonable fees and costs. Lauder may recover costs for the appeal and cross-appeal.