*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0333p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

DIANE M. MOON,

*Plaintiff-Appellant,*

*v.*

No. 05-1974

UNUM PROVIDENT CORP.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 02-00683—Robert Holmes Bell, Chief District Judge.

Submitted: April 26, 2006

Decided and Filed: June 29, 2006[*]

Before: KEITH and COLE, Circuit Judges; MILLS, District Judge.[**]

_____

## COUNSEL

**ON BRIEF:** Christopher D. Morris, RYAN, JAMIESON, MORRIS, RYAN & SMITH, Kalamazoo, Michigan, for Appellant. K. Scott Hamilton, DICKINSON, WRIGHT, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

PER CURIAM. Plaintiff-Appellant Diane M. Moon ("Moon" or "Plaintiff") appeals the district court's order denying her application for attorney's fees and costs. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** with instructions to enter an order awarding Moon attorney's fees and costs.

---

[*] This decision was originally issued as an "unpublished decision" filed on June 29, 2006. On August 24, 2006, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

## I. BACKGROUND

### A.    Factual and Procedural Background

The instant appeal arises out of a prior Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, action for long-term disability ("LTD") benefits between Moon and Defendant-Appellee Unum Provident Corporation ("UNUM" or "Defendant"). This Court resolved the underlying litigation in Moon's favor. *See Moon v. Unum Provident Corp.*, 405 F.3d 373 (6th Cir. 2005) ("*Moon I*").

In *Moon I*, Moon appealed the district court's denial of her motion for judgment on the administrative record and the district court's judgment finding that UNUM's final decision to terminate her LTD benefits was not arbitrary and capricious. A majority panel of this Court disagreed, reversed the district court's decision, and remanded the case for entry of judgment in favor of Moon. The majority concluded that UNUM's final decision upholding the termination of Moon's LTD benefits was arbitrary and capricious. The dissent in the case concluded, on narrow grounds, that, under the highly deferential arbitrary and capricious standard, the district court did not err in upholding the denial of benefits. The dissent did note, however, that "[w]ere we to view the matter under a *de novo* standard, I might very well decide otherwise." *Id.* at 382.

On April 21, 2005, subsequent to her successful appeal to this Court, Moon petitioned this Court to grant an order directing the district court to conduct an evidentiary hearing to award her attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) of ERISA. This Court declined to grant Moon's requested relief and instead decided, "[t]he better course is to leave the question of attorney fees to the district court in the first instance . . . [w]e therefore instruct the district court to determine whether an award of attorney fees is appropriate in this case." (J.A. at 57) (6th Cir. Order remanding the case to the district court to decide the issue of attorney's fees in the first instance). Thereafter, the case was remanded to the district court to decide whether to grant Moon's request for attorney's fees. After submission of the briefs, but without a hearing on the issue, the district court denied Moon's motion for attorney's fees. *See Moon v. Unum Provident Corp.*, 408 F.Supp.2d 463 (W.D. Mich. 2005) ("*Moon II*"). The district court reached its conclusion after analyzing the five factors articulated in *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) (per curiam), commonly called the "*King* factors." *See Moon II*, 408 F.Supp.2d at 465.

On July 20, 2005, Moon timely filed the instant appeal seeking review of the district court's denial of her request for attorney's fees.[1]

## II. ANALYSIS

### A.    STANDARD OF REVIEW

We review a district court's denial of a request for attorney fees to a prevailing claimant under ERISA for an abuse of discretion. *See Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 620 (6th Cir. 1998). "An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, . . . improperly applies the law, . . . or . . . employs an erroneous legal standard." *Barner v. Pilkington North America, Inc.*, 399 F.3d 745, 748 (6th Cir. 2005) (internal quotation marks and citation omitted). This Circuit "has defined an abuse of discretion as a definite and firm conviction that the trial court committed a clear error of judgment." *Eagles, Ltd. v. American Eagle Found.*, 356 F.3d 724, 726 (6th Cir. 2004) (quoting *Arban v. West Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003)) (internal quotation marks omitted); *see also Anderson v. Procter & Gamble Co.*,

---

[1]This Court has appellate jurisdiction over appeals from final judgments of the district court under 28 U.S.C. § 1291.

220 F.3d 449, 452 (6th Cir. 2000) ("This court reviews for abuse of discretion the district court's denial of the plaintiff's request for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1)").

## B.    DISCUSSION

In an action by a plan participant, the district court, in its discretion, "may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Sixth Circuit utilizes the following five-factor *King* test to assess whether a district court properly exercised its discretion in awarding fees: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.[2] *See First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005). No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion. *See Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998).

These factors are not statutory and typically not dispositive. *See First Trust*, 410 F.3d at 851. Rather, they are considerations representing a flexible approach. *Id.* In this case, however, the district court relied entirely on this legal framework in reaching its conclusion that Moon was not entitled to attorney's fees. Therefore, in reviewing the district court's decision for an abuse of discretion, we must review his findings as to each of the five *King* factors. In *King*, this Court adopted the Ninth Circuit standard that, "an abuse of discretion exists only when the court has the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." 775 F.2d at 669; *see also Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 939 (6th Cir. 1996). Finally, in our Circuit, there is no presumption that attorney's fees will be awarded. *See Maurer v. Joy Technologies, Inc.*, 212 F.3d 907, 919 (6th Cir. 2000) (citation omitted).

Our review of the five *King* factors leads us to the conclusion that the district court abused its discretion in denying Moon's motion for attorney's fees.

### 1.     Degree of Opposing Party's Culpability or Bad Faith

In *Moon II*, the district court held that UNUM had not engaged in bad faith or culpable conduct and that UNUM did not possess an ill motive. *See* 408 F.Supp.2d at 465-66. We disagree. In a separate case, a panel of this Court stated,

> [a]n arbitrary and capricious denial of benefits does not necessarily indicate culpability or bad faith. However, in this case, [Defendant] ignored overwhelming evidence of [Plaintiff's] disability, and, instead denied her claim based on a theory that lacked legitimate foundation. [Defendant] then sought to defend this theory with reference to isolated snippets from the record.

*Heffernan v. Unum Life Ins. Co. of America*, No. 02-3412, 101 Fed. Appx. 99, *109 (6th Cir. June 11, 2004) (unpublished opinion).

---

[2] As a preliminary matter, we reject UNUM's argument that this Court should disregard Moon's arguments concerning *King* factors not raised in her brief to the district court. The district court analyzed all five *King* factors in reaching its conclusion that Moon was not entitled to attorney's fees. Thus, we appropriately review the lower court's finding regarding each factor for an abuse of discretion.

In the instant case, the prior panel in *Moon I* concluded that UNUM's decision to repeatedly deny Moon's claims for disability benefits was arbitrary and capricious because they did not provide a reasoned explanation that supported their outcome. *See Moon I*, 405 F.3d at 381-82. For example, it is undisputed in the record that the physician on whose opinion UNUM wholly relied never examined Moon, "[the physician] arrived at his opinion not upon examination of Moon, but rather upon what our discussion here shows was a selective review of administrative record." *Id.* at 381. *See also Spangler v. Lockheed Martin Energy Sys., Inc.*, 313 F.3d 356, 359-62 (6th Cir. 2002) (observing that a selective review of the administrative record is inappropriate). In addition, the physician, upon whom the plan administrator relied, was also an employee of UNUM; this Court took issue with this fact, stating, "when a plan administrator's explanation [as to why they terminated a person's benefits] is based on the work of a doctor in its employ, we must view the explanation with some skepticism." *Id.* at 381-82 (citing *Univ. Hosp. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 (6th Cir. 2000) (holding that a plan administrator's conflict of interest is a factor to consider when reviewing for whether the administrator's decision was arbitrary or capricious)).

Applying these facts to the question of whether the district court erred when it determined UNUM did not engage in culpable conduct, the answer is clear: UNUM engaged in culpable conduct and this factor should be weighed in Moon's favor and against UNUM. Not only did UNUM deny Moon's claims based solely on the opinion of a physician in its employ, but they also repeatedly denied her claims even though this physician ignored substantial evidence in the administrative record indicating she was disabled and the physician never examined Moon. Therefore, we must reject the district court's conclusion that "Defendant pursued their position in good faith and did not engage in any misconduct during the investigation or proceedings before this Court or on appeal." *Moon II*, 408 F.Supp.2d at 465. Without question, UNUM's wholesale adoption of the opinion of an interested physician, who based his findings on selective information in the administrative record and did not examine Moon, is misconduct that supports our decision to weigh this factor against UNUM. *See Spangler*, 313 F.3d at 362 ("we can only conclude that Met Life, as Spangler contends, 'cherry-picked' her file in hopes of obtaining a favorable report from the vocational consultant as to Spangler's ability to work.").

In the alternative, even if we assume *arguendo* that the district court correctly found that UNUM did not engage in culpable conduct, the district court still incorrectly weighed this factor in UNUM's favor based upon its own flawed conclusion. Specifically, the district court stated, "[m]oreover, *it is difficult to conclude that Defendant acted in a culpable manner in this close case, where two of the four judges who reviewed this case concluded that Defendant provided a reasoned explanation for the denial of benefits that was not arbitrary and capricious.*" *Moon II*, 408 F.Supp.2d at 466 (emphasis added). In reaching its "two out of four judges" conclusion, the district court relied upon its own overturned decision in the underlying action brought by Moon to recover her LTD benefits and the dissent in *Moon I*. This reasoning is an abuse of discretion. This was not a close case. Not only was the underlying judgment in *Moon I* – which formed the basis for Moon's request for attorney's fees – decided by a majority panel of this Court, but the *en banc* court also considered whether to grant rehearing in this published case, and elected not to do so. In addition, even the dissent in *Moon I*, upon whom the district court relies, expressed doubt about the propriety of the district court's decision, stating, "[w]ere we to view the matter under a *de novo* standard, I might very well decide otherwise." *Moon I*, 405 F.3d at 382.

It is wholly inappropriate for the district court to rely on its overturned decision to support the denial of Moon's petition for attorney's fees in the instant case. It is an affront to our system of justice for the district court to heavily and repeatedly rely on its incorrect decision to support its conclusion that Moon was not entitled to attorney's fees. The district court's conclusion was in err. We find that this factor weighs in Moon's favor.

## 2.     Opposing Party's Ability to Satisfy an Award of Attorney's Fees

The district court stated, "[o]bviously, this factor favors Plaintiff because Defendant, a large insurance company, is certainly able to satisfy the requested attorney fee amount." *Moon II,* 408 F.Supp.2d at 466. This conclusion is undisputed and the district court did not err in its finding. Even UNUM acknowledges, in their brief to this Court, that this factor weighs against them, stating that, "[t]he District Court properly recognized that 'this factor favors plaintiff because Defendant, a large insurance company, is certainly able to satisfy the requested attorney's fees.'" Appellee's Br. at 11. Therefore, we weigh this factor in Moon's favor.

## 3.     Deterrent Effect of Award on Other Persons Under Similar Circumstances

On this factor, the district court stated, "there is little deterrent effect to be gained because this case presented a close and unique set of facts. Moreover, this factor is less significant because Defendant did not act in bad faith." *Moon II,* 408 F.Supp.2d at 466. We disagree. As discussed in conjunction with the first factor, this was not a close case. A majority panel of this Court decided that the district court's prior decision was incorrect and thus that decision cannot be relied upon by the district court as a basis for denying Moon's request for attorney's fees. The district court may disagree with the fact that its decision was overturned by this Court, but such disagreement would not justify denying Moon attorney's fees.

In addition, the facts of this case are not so unique that they fail to serve any deterrence value to other insurance companies under similar circumstances. The majority's published decision in *Moon I* articulated important principles that all plan administrators should heed. For example, before terminating a plan participant's benefits, a plan administrator should ensure that the opinions upon which they rely to make their decisions to terminate are based on a thorough review of the administrative record. In addition, under certain circumstances, the opining physician's opinion should also be based upon an actual examination of the claimant. Thus, the published decision in the underlying case should deter other insurance companies from making the same arbitrary decisions as UNUM in the instant case.

Finally, we also reject the district court's conclusion that the significance of this factor is diminished because UNUM did not act in bad faith. As discussed above, UNUM was culpable in this case. *See id.* ("deterrent effect . . . is likely to have more significance in a case where the defendant is highly culpable.") (citing *Foltice*, 98 F.3d at 937). Thus, the district court abused its discretion in weighing this factor in UNUM's favor.

## 4.     Conferring a Common Benefit on all ERISA Plan Beneficiaries

The district court concluded that Moon only sought LTD benefits for herself and did not seek to confer a benefit upon all plan participants. *See Moon II,* 408 F.Supp.2d at 466. Moon does not contest this point in her brief to this Court. Therefore, it is undisputed that Moon did not seek to confer a common benefit on all plan participants. The district court did not reach the question of whether Moon sought to resolve significant legal questions concerning ERISA. Although Moon argues, on appeal, that *Moon I* resolved significant legal questions regarding ERISA, whether this is true or not is irrelevant because there is no evidence in the record that Moon instituted this litigation to resolve any significant legal issues. Therefore, the district court did not err in its analysis of this factor. We agree with the district court that this factor does not weigh in Moon's favor.

### 5.    Relative Merit of the Parties' Positions

Regarding this factor, the district court concluded,

[a]lthough the Sixth Circuit determined that Defendant's decision was arbitrary and capricious, it cannot be said that Defendant's position was unreasonable or lacking in merit. Nor can it be said that Plaintiff's position significantly outweighed that of Defendant. *This was an extremely close case, evidenced by the fact that this Court initially determined that Defendant's denial of benefits was not arbitrary and capricious and that the reversal of this judgment was issued over a dissent by Judge Siler, who also concluded that Defendant's decision was not arbitrary and capricious.*

*Id.* (citation omitted) (emphasis added). Once again, the district court errs in its conclusion that this is an extremely close case based on its prior overturned decision and the fact that, on appeal, a Circuit Judge of this Court dissented. A majority panel of this Court overruled the district court's initial decision. Thus, the district court cannot continue to rely on that decision to make collateral judgments in this case. In *Moon I*, the first appeal in this case and the basis for the instant litigation, this Court held that UNUM acted arbitrarily and capriciously in its decision to terminate Moon's LTD benefits. In addition, UNUM made this decision in an obviously culpable manner, therefore, we conclude that the relative merit of Moon's position in this case is stronger than UNUM's position. Therefore, we find that the district court erred in not weighing this factor in Moon's favor.

### III.  CONCLUSION

After analyzing the *King* factors, we find that factors one, two, three, and five favor Plaintiff-Appellant Moon. Thus, the district court erred when it concluded that "[w]hile Defendant is able to pay a fee award, the other factors do not 'weigh heavily' in Plaintiff's favor." *Id.* (citation omitted). Our analysis of these factors indicates otherwise, and thus, the district court's decision must be reversed. Moreover, the district court's repeated reliance on its overturned decision to support most of its conclusions convinces this Court that the district court abused its discretion in considering Moon's request for attorney's fees under the *King* test. *See Maurer*, 212 F.3d at 919 ("An abuse of discretion exists only when 'the court has the firm and definite conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors.'") (citing *Schwartz*, 160 F.3d at 1119).

Therefore, for the foregoing reasons, we **REVERSE** the judgment of the district court and **REMAND** with instructions to enter an order awarding Plaintiff-Appellant Moon attorney's fees and costs.