Sandra **MIKOLAJCZYK**, Plaintiff,

v.

**BROADSPIRE SERVICES, INC.**, Defendant.

**No. 3:05 CV 7039.**

United States District Court,
N.D. Ohio,
Western Division.

Aug. 15, 2007.

John D. Franklin, R. Kevin Greenfield, Tracy A. Lipinski, Franklin & Greenfield, R. Michael Frank, Arnold & Caruso, Toledo, OH, for Plaintiff.

Craig G. Penrose, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

KATZ, District Judge.

This matter is before the Court on Plaintiff Sandra Mikolajczyk's motion for an award of attorney fees and costs (Doc. 58), the opposition of Defendant Broadspire Services, Inc. (Doc. 59), and Plaintiff's reply (Doc. 62). For the reasons stated herein, Plaintiff's motion is hereby granted in part and denied in part.

## I. Background

On September 6, 2006, this Court granted Plaintiff's Motion for Summary Judgment on her claim arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. *Mikolajczyk v. Broadspire Services, Inc.,* 2006 WL 2583391 (N.D.Ohio 2006). The case came before the Court on cross-motions for summary judgment regarding a dispute over Plaintiff's long-term disability benefits with Defendant, the ERISA plan administrator. This court held that Defendant administrator's denial of Plaintiff's claim for benefits was arbitrary and capricious, and granted plaintiff's Motion for Summary Judgment. *Id.*

The plaintiff now seeks fair and reasonable attorney fees in this action pursuant to 29 U.S.C. § 1132(g)(1) in the amount of $61,029.50. Plaintiff also requests an award of costs in the amount of $370.58 and the filing fee of $250.00.

## II. Standard of review

 29 U.S.C. § 1132(g) confers broad discretion on a district court in making an award of attorney's fees in an ERISA action:

> In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). "Consequently, the decision of a district court to award attorney's fees under 29 U.S.C. § 1132(g)(1) will stand absent an abuse of discretion." *Schwartz v. Gregori,* 160 F.3d 1116, 1119 (6th Cir.1998). *See also Tiemeyer v. Community Mut. Ins. Co.,* 8 F.3d 1094, 1101–02 (6th Cir.1993).

## III. Discussion

### A. Attorney's fees

 "In exercising its discretion, our Circuit requires the district court to consider the following factors" in deciding whether to award attorney's fees:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* (citing *Secretary of Dep't of Labor v. King,* 775 F.2d 666, 669 (6th Cir.1985)). "Because no single factor is determinative, the court must consider each factor before exercising its discretion." *Id. See also Wells v. United States Steel,* 76 F.3d 731, 736 (6th Cir.1996).

1. Degree of culpability or bad faith

 "[T]he necessary degree of culpability is not established by the fact that a defendant has been found liable." *Gard v. Blankenburg,* 33 Fed.Appx. 722, 731 (6th Cir.2002). Likewise, "[a]n arbitrary and capricious denial of benefits does not necessarily indicate culpability or bad faith." *Heffernan v. UNUM Life Ins. Co. of Am.,* 101 Fed.Appx. 99, 109 (6th Cir.2004). However, in *Moon v. Unum Provident Corp.,* "the physician on whose opinion [the plan administrator] wholly relied never examined Moon." 461 F.3d 639 (6th Cir. 2006). Furthermore, "[the physician] arrived at his opinion not upon examination of Moon, but rather upon ... a selective review of administrative record" and also "repeatedly denied her claims even though this physician ignored substantial evidence in the administrative record indicating she was disabled." *Id.* The Court of Appeals for the Sixth Circuit rejected the district

court's conclusion that the defendant was not culpable and acted in good faith. *Id.*

Similarly in the present case,

Broadspire refused to credit Plaintiff's reliable evidence, including the opinions of her treating physicians, did not conduct any physical examination, and instead relied on document reviews that were incomplete and went against the weight of the administrative evidence in reaching its decision to deny benefits.

*Mikolajczyk*, supra at *14. The evidence presented weighs against the defendant on the issue of culpability and bad faith.

2. Opposing party's ability to satisfy attorney fees

Defendant "concedes its ability to satisfy an award of reasonable attorney fees." Def.'s Opp., Doc. 59 at 3. This factor supports Plaintiff but is not dispositive. *See Pelchat*, 2003 WL 21479170 at *3, 2003 U.S. Dist. LEXIS at *8.

3. Deterrent effect on others under similar circumstances

"The third factor, the deterrent effect of a fee award on other insurance companies, is one that is likely to be more significant in a case where the defendant is highly culpable." *Pelchat v. UNUM Life Ins. Co. of Am.*, 2003 WL 21479170, 2003 U.S. Dist. LEXIS 10709 (N.D.Ohio 2003). *See Foltice v. Guardsman Prods.*, 98 F.3d 933, 937 (6th Cir.1996) ("Honest mistakes are bound to happen from time to time, and fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing.").

In this case, Defendant's conduct was culpable. Defendant could have performed its own physical examination instead of relying on incomplete documents. Defendant refused to credit Plaintiff's reliable evidence. Such deliberate action is capable of deterrence. This factor weighs in favor of Plaintiff.

4. Common benefit

■ In order to satisfy this factor, a plaintiff must "confer a common benefit on all participants of an ERISA plan or resolve significant legal questions regarding ERISA." *Marchant v. Faurecia Exhaust Sys.*, 411 F.Supp.2d 834, 837 (S.D.Ohio 2005).

■ In the present case, the plaintiff is seeking only an individual award. Plaintiff argues "the deterrent effect of the award will encourage the defendant to comply with the statutory requirements of ERISA, and to review other claims promptly and properly." Pl.'s Mo., Doc. 58 at 6. However, deterrence is part of the third factor. This fourth factor is not about deterrence, but rather about the direct effect of a court's decision on others who have claims before the administrator. No such other claimants have been brought to the Court's attention.

However, there was a unique question of law in Plaintiff's claim. How "significant" it was is yet to be resolved as other courts confront similar plan language. The ERISA plan at issue here reserved the right of the employer to overturn any denial of benefits by the administrator. Plaintiff argued that this language removed *Bruch* discretion from the administrator and required this Court to conduct a de novo review of the record. The Court, however, held that *Bruch* discretion existed in spite of this language, because of other language conferring discretion, the limitation of the employer's discretion to overturning *denials* by the administrator, and a policy to encourage settlement between an employee and employer upon denial of benefits by the administrator. *Mikolajczyk*, supra at *9–10.

This factor probably balances between Plaintiff and Defendant because, while a benefit is not conferred upon other claimants, there was an at least novel contractual interpretation involved in the case.

### 5. Relative merits of the parties' positions

■ The fifth and final factor to consider is the relative merits of the Parties' positions. The party seeking attorney's fees in an ERISA action will always be the prevailing party. This fact alone does not warrant an award of attorney's fees. Plaintiff was awarded summary judgment on Count I of her complaint. However, this Court dismissed both Count II and Count III of the original complaint. (Doc. 10, 19). In *McDonald v. Western–Southern Life Ins. Co.*, the plaintiff prevailed on Count I, while the defendant prevailed on both Count II (breach of fiduciary duty) and Count III (interference with protected rights). 2002 WL 484623, 2002 U.S. Dist. LEXIS 26724 (S.D.Ohio 2002). The court held that, "[u]nder these circumstances, the relative merits of the parties' positions weighs neither for nor against an award of attorney's fees." *Id.* at 2002 WL 484623, *4, 2002 U.S. Dist. LEXIS 26724, *12. This Court agrees. Neither party's relative merits on the case outweigh the other.

Overall, however, these factors weigh in favor of the Court granting attorney's fees to Plaintiff, and the same are hereby granted.

### B. Reasonableness of attorney's fees

■ " 'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir.2000). *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

The trial court's initial point of departure, when calculating a "reasonable" attorney fee, should be the determination of the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Reed*, 179 F.3d at 471. The trial judge may then, within limits, adjust the "lodestar" to reflect relevant considerations peculiar to the subject litigation. *Reed*, 179 F.3d at 471–72. The factors which the district court may consider, either in determining the basic lodestar fee and/or adjustments thereto, include the twelve listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.

*Adcock–Ladd*, 227 F.3d at 349 (6th Cir. 2000).

These *Johnson* factors are:

(1) The time and labor required by a given case; (2) The novelty and difficulty of the questions presented; (3) The skill needed to perform the legal service properly; (4) The preclusion of employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The 'undesirability' of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.

*See, Id.; Reed,* 179 F.3d at 471–72 (citing *Johnson,* 488 F.2d at 717–19).

### C. Reasonable hourly rate

 "A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.'" *Adcock–Ladd,* 227 F.3d at 350 (6th Cir.2000). (citing *Blum,* 465 U.S. at 895, 104 S.Ct. 1541).

"Proof of prevailing market rates may be demonstrated in a number of ways, including: (1) affidavits of other attorneys or experts; (2) citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases; (3) references to fee award studies showing reasonable rates charged or awarded in the relevant community; (4) testimony of experts or of other attorneys in the relevant community; (5) discovery rates charged by the opposition party; and (6) reliance on the court's own expertise to recognize applicable prevailing rates."

*Disabled Patriots of Am. v. Genesis Dreamplex, LLC,* 2006 WL 2404140, 2006 U.S. Dist. LEXIS 58174 (N.D.Ohio 2006); *see also Parker v. Secretary of HHS,* 1992 WL 191102, *1, 1992 U.S. Cl.Ct. LEXIS 352 (Cl.Ct.1992) (*citing* NEWBERG, ATTORNEY FEE AWARDS 198 (1986)).

Plaintiffs submitted affidavits of other attorneys in the Toledo, OH to show the prevailing market rate in the community. These affidavits include those of Tracy Lipinski of Franklin & Greenfield, LLC; Barry W. Fissel of Eastman & Smith, Ltd.; Cary Rodman Cooper of Cooper & Wilinski, and Richard M. Kerger, formerly a partner of Marshall & Melhorn. (Doc. 58–2). The rates referenced therein range from $165 per hour for a new partner, up to $340 per hour for some fully experienced senior partners.

Plaintiff's have also included citations to prior precedents and will rely on the Court's own expertise to recognize prevailing rates. This court is persuaded by the affidavits of other Attorneys in Toledo, OH, the citations given, and this court's own past rulings that the hourly rate of $250 sought by Plaintiff is reasonable and will be herein applied.

### D. Reasonable amount of hours recorded

The next step is to calculate the reasonable amount of hours recorded. The plaintiff recorded a total of 245.1 hours from attorneys and 23.75 hours at $90.00 per hour for law clerk fee. The defendant objects to 102.21 of these 245.1 hours and does not object to the $2,302.50 for law clerk fees.

#### 1. Pre-suit administrative time

 Prior to the filing of the lawsuit, plaintiff's attorney Mr. Frank completed 19.55 hours of work relating to the administrative process. Mr. Frank recorded these hours as part of the hours billed and asked for in the underlying motion. The Sixth Circuit has said, "ERISA does not authorize recovery of attorneys' fees for work performed during the administrative exhaustion phase of a benefits proceeding." *Anderson v. P & G,* 220 F.3d 449, 456 (6th Cir.2000). Therefore, these 19.55 hours shall be deducted.

#### 2. Review of administrative record after suit was filed

 Defendant objects to 17.70 hours spent on reviewing the administrative record after the suit was filed. Spending time reviewing the administrative record with the new appeals documents, outlining the administrative record, and using this reviewing process to formulate an argu-

ment is not unreasonable, and 17.70 hours is a reasonable time in which to complete this task. The administrative record, after gathering all the extra documents that resulted from the administrative appeals process, was over 500 pages in length and contained "surgical records, hospital records, doctors' notes, numerous Attending Physician's Statements, rehabilitation reports, clinical evaluations, detailed notes and summaries prepared by Broadspire representatives, and Peer Review Evaluations...." Pl.'s Reply, Doc. 62, at 9. Further, the review of the record, as well as the record itself, is not the same during the federal litigation process as during the administrative process. 17.70 hours is a reasonable amount of time to re-review and outline the record in this matter.

### 3. Case analysis entries by Mr. Frank

■ Defendant argues Mr. Frank spent an excessive 5 hours outlining two cases. Defendant further suggests that one of the cases was simply used as a footnote, and was not reasonably related to the case to amount to 2.3 hours spent on it. While 5 hours may seem excessive for outlining two cases, the full description of work performed included a memo and a map strategy meeting. (Doc. 59). Five hours is not unreasonable for this work.

### 4. Time spent on the motion for summary judgment

■ Defendant argues that 91.55 hours spent drafting the opening brief and supplemental reply is excessive and unreasonable. Defendant shows that defense counsel only recorded 24.3 hours drafting the motion for summary judgment and reply. (Doc. 59). Plaintiff spent and recorded over three and half times more hours than Defendant, and Defendant was successful on two of the three counts.

■ Generally, the amount of hours spent preparing a document should not solely be compared to the opposing side, especially in a case where the plaintiff has the burden of proof. However, 91.55 hours is unreasonable in light of the fact that Plaintiff's counsel having already spent 37.25 hours on the administrative record. This court will deduct sixteen hours from the total hours recorded, making the total hours Plaintiff's counsel spent only three times as much as defense counsel.

### 5. Double billing

■ Defendant argues Plaintiff's attorneys sent two attorneys to meetings when only one would suffice. The plaintiffs are free to choose how they delegate their time in this regard. If one attorney does not attend the meeting, then time will need to be spent on either preparing a memo or having another meeting to update the other attorney. Regardless, about the same amount of time will be spent. Furthermore, being present at a meeting gives one an opportunity to ask questions and take away from the meeting what one needs. Attending meetings can be valuable to each attorney and increase efficiency throughout the litigation process. No hours will be deducted for double billing.

### 6. Vague time entries for Ms. Damicone

■ Defendant argues Plaintiff's attorney Ms. Damicone's time entries are too vague. Defendant cites a Second Circuit case that held, "any attorney ... who applies for court-ordered compensation in this Circuit ... must document the application with contemporaneous time records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *New York State Asso-*

*ciation for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983).

Even under that standard, Plaintiff's counsel met its burden. Ms. Damicone specified for herself the dates she worked, the hours spent per day, and the nature of the work. She did not merely put down a number on a piece of paper. She gave the name, dates, hours spent, and work done. No deduction will be assessed for vague time entries.

### E. Summary of reasonable attorney's fees

Plaintiff is asking for $61,029.50 in attorneys fees. The defendant is asking to reduce this to $23,745. The defendant does not object to the law clerk fee of $2,302.50 or to the 142.95 hours worked, but they do wish the latter hours be calculated at $150 per hour, instead of $250 per hour. If the hours the defendant does not object to are calculated at the reasonable rate of $250 per hour, then the total amount awarded would be $36,721.50.

Defendant won on two of the three counts, and no doubt some of the hours recorded by plaintiff included time spent working on these counts. However, these counts were minor in comparison to the overall complaint. Plaintiff should not be awarded all of the fees asked for, and defendant should not have fees reduced to the extent sought. The total amount of hours shall be reduced by 35.5. Because all of these reductions came from either Mr. Frank or Mr. Greenfield, all of these hours are deducted at a rate of $250 per hour. This brings the total amount of reasonable attorney's fees awarded to $51,989.50.

### IV. Conclusion

Plaintiff's Motion for an award of attorney's fees is hereby granted in part and denied in part. Defendant shall pay Plaintiff the reasonable amount of attorney's fees of $51,989.50, plus the amount of $370.58 as costs and $250.00 for filing fee.

IT IS SO ORDERED.