**Tamara CIARAMITARO,**
**Plaintiff–Appellant,**

**v.**

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant–Appellee.**

No. 14–1248.

United States Court of Appeals, Sixth Circuit.

Oct. 9, 2015.

BEFORE: KEITH, MOORE, and STRANCH, Circuit Judges.

## OPINION

JANE B. STRANCH, Circuit Judge.

Having reached a favorable outcome in an ERISA case against defendant Unum, plaintiff Tamara Ciaramitaro sought both the award of a penalty for failing to timely provide her with pertinent plan informa-

tion and an award of attorney's fees, as provided for in the statute. The district court awarded Ms. Ciaramitaro partial attorney's fees and declined to award her penalties; on appeal, she seeks an award of full attorney's fees and penalties. ERISA provides that both are awarded at the court's discretion. Because we cannot conclude that the district court abused its discretion, we AFFIRM its decision.

## I. BACKGROUND

This case was assigned to the district court as a companion to the case *Ciaramitaro v. Unum Life Ins. Co. of America,* No. 09 Civ. 13492, 2009 WL 3757046. Ms. Ciaramitaro brought that earlier case against her employer, Greektown Casino, and the benefits administrator of her ERISA-covered long-term disability plan, Unum Life Insurance Company of America, alleging that they failed to pay her the benefits due under her disability plan following an on-the-job head injury she suffered in 2001. *Ciaramitaro v. Unum Life Ins. Co. of Am.,* 521 Fed.Appx. 430, 432–34 (6th Cir.2013) (providing a detailed factual history of Ms. Ciaramitaro's earlier case against Unum). Ultimately—after the district court in that case entered an order requiring Unum to produce the administrative record for the plan—Unum conceded that Ms. Ciaramitaro was eligible for benefits under the plan. *Id.* at 433.

Unum activated Ms. Ciaramitaro's long-term disability plan in April 2011. She believed that the terms of that plan rendered her eligible for Unum's "Waiver of Life Premium" benefit, which enabled her to maintain a life insurance policy without paying a premium provided she remained disabled and met several other conditions. Ms. Ciaramitaro received no information about this life insurance coverage after her long-term disability plan took effect, so in March of 2012 her counsel requested from

Unum copies of her life insurance policy and all other policies under which she was insured. Unum did not respond. In August of 2012, Ms. Ciaramitaro's counsel contacted Greektown Casino to inquire about the extent of her coverage and again contacted Unum to inquire about her group life insurance policy in December of that year. Greektown and Unum ignored these requests as well.

Unable to obtain a response from either her former employer or her insurer, Ms. Ciaramitaro filed the instant lawsuit against Unum in January of 2013. The suit sought reinstatement of her life insurance policy, as well as civil penalties, costs, attorney's fees, and pre-judgment interest. Unum responded with a motion to dismiss, arguing that res judicata barred the action because Ms. Ciaramitaro had failed to seek the Waiver of Life Premium benefit in her prior action against it and, res judicata aside, the applicable three-year statute of limitations began running in 2004 and would bar the action in any case. The district court denied the motion, finding that Ms. Ciaramitaro had no notice of denial of life premium benefits at least until April 2011, the time she was awarded the long-term disability benefits at issue in her earlier lawsuit.

On July 16, 2013, the district court issued a scheduling order requiring Unum to provide "all pertinent plan documents and the administrative record" of Ms. Ciaramitaro's claim to her counsel by August 16, 2013. Several days before August 16, Unum's counsel orally informed Ms. Ciaramitaro's counsel that she had been placed on "Life Waiver of Premium" as she had requested.

In an August 19, 2013 follow-up email to Ms. Ciaramitaro's counsel, Unum's counsel wrote that Ms. Ciaramitaro had been awarded the Life Waiver of Premium benefits she sought, and that he believed fur-

ther litigation other than a possible attorney's fee claim would therefore be moot. He noted that it was his understanding that Ms. Ciaramitaro's counsel would provide him with a statement of fees, which he would review, and "hopefully, resolve without the need for additional motion practice." The email also indicated that Unum would produce the administrative record the following day in response to her counsel's statement that he nonetheless wanted it produced. The administrative record was produced on August 19 at Ms. Ciaramitaro's insistence, but she asserts that it did not contain pertinent life insurance plan documents to which she was entitled under the July 16 scheduling order.

On August 21, Ms. Ciaramitaro filed a motion for an emergency order to show cause, which asserted that though Unum had provided the administrative record, it "did not contain any of the pertinent life insurance plan documents that Plaintiff may be covered under." On September 30, she followed up with a motion for entry of judgment, which asserted that Unum still had not provided her with the pertinent plan documents.

That day, the district court denied Ms. Ciaramitaro's earlier motion for an order to show cause, noting that Unum had represented that she had already been supplied with the "Life Waiver of Premium" benefits at issue, obviating the need for further litigation aside from the issue of the attorney's fee. The district court also expressed the belief that Unum had either already provided Ms. Ciaramitaro with documentation demonstrating that she was covered under Unum's life insurance plan, or that it would promptly do so.

On October 16, Mr. Ciaramitaro filed an additional motion again seeking judgment, as well as attorney's fees, costs, expenses, and penalties under ERISA. This motion, too, alleged that she had not received information from Unum about her waiver of life premium benefits, nor had she been given a copy of her life insurance policy. Ms. Ciaramitaro's appellate briefing does not provide the date that Unum ultimately provided the documents, but it indicates that she did not receive the plan and enrollment information from Unum until some point after her September 30 motion had been filed. Unum's briefing fails to state when Unum ultimately provided Ms. Ciaramitaro with a copy of her life insurance policy and other pertinent plan information.

The district court granted Ms. Ciaramitaro's motion for entry of judgment and her motion for attorney's fees, but reduced the fees by more than half upon reviewing each entry, and determining that much of her attorney's work was unnecessary. The court denied Ms. Ciaramitaro's motion for penalties under ERISA.

## II. ANALYSIS

### A. Attorney's Fees and Costs

■ This Court reviews a district court's award of attorney's fees for abuse of discretion. *Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 376 (6th Cir.2009). "[A]n abuse of discretion exists only when the court has the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 643 (6th Cir.2006).

ERISA authorizes a district court, in its discretion, to "allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). We apply the following five-factor *King* test to determine whether a district court properly exercised its discretion in awarding fees:

(1) the degree of the opposing party's culpability or bad faith; (2) the opposing

party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Moon*, 461 F.3d at 642; *see Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985). "No single factor is determinative," so "the district court must consider each factor before exercising its discretion." *Moon*, 461 F.3d at 642–43.

The district court found that the first *King* factor did not hold significant weight because Unum took what the court considered to be a good faith position that the benefits at issue in the instant case were separate from the benefits at issue in Ms. Ciaramitaro's prior case, and then granted the Waiver of Life Premium benefit "fairly promptly" after losing its motion to dismiss. *Ciaramitaro v. Unum Life Ins. Co. of Am.*, No. 13–CV–10268, 2014 WL 320077 at *1 (E.D.Mich. Jan. 29, 2014). Regarding the second factor, the court noted that there was no dispute as to the parties' relative financial situations. *Id.* The court deemed the third factor "inapplicable" because the case's unique facts limited its effect on other similarly-situated parties, but held that it would nonetheless give the factor "a small amount of weight" to encourage other plan administrators' "better examination of the policies at issue." *Id.* at *2. The fourth factor was found not to be in play because there was no indication that Ms. Ciaramitaro sought to confer any common benefit on other plan participants. *Id.* Finally, the court acknowledged that the fifth factor—the relative merits of the parties' positions—deserved consideration because Unum conferred the benefit only because the lawsuit was filed. *Id.*

Exercising its prerogative under the statute to award reasonable attorney's fees, the court found that though fees were warranted, only a portion of the requested fees would be awarded because "in excess of half the fees requested in this case could have been avoided with better communication." *Id.* Specifically, the district court found that given the circumstances of the case, "conferences—with the assistance of the court if necessary—would have been a far more effective way to bring this case to a conclusion." *Id.* It further found that Ms. Ciaramitaro's counsel engaged in "unnecessary motion practice" toward the end of litigation, and that though he was "under pressure from his client" to file the motions, Unum should not bear the burden of the resulting fees. *Id.* The district court subtracted 10 hours of fees from the over 20 hours Ms. Ciaramitaro's attorney billed for responding to Unum's motion to dismiss, and made a few other smaller cuts to the attorney's early invoices. *Id.* The court's largest cuts to the fees sought came in its refusal to award fees for the filing of Ms. Ciaramitaro's motion to compel and subsequent motions for judgment and sanctions, because it found them to be unnecessary. *Id.*

Ms. Ciaramitaro's brief on appeal did not take issue with the district court's findings with regard to any particular *King* factor. Rather, it argued that the court abused its discretion when it reduced the attorney's fee award because it failed to acknowledge (1) that Unum had violated the terms of the July 2013 scheduling order by not turning over the administrative record and plan documents to the court and to the plaintiff on August 16, 2013, and (2) that Unum did not provide written confirmation to Ms. Ciaramitaro that she was covered under the life insurance premium waiver until after Ms. Ciaramitaro

filed her motion for an order to show cause and motion for judgment.

Unum's apparent failure to turn over the plan documents by the August 16, 2013 deadline in the scheduling order, and its subsequent delay in providing Ms. Ciaramitaro with documents confirming her enrollment in the plan and describing her coverage, could reasonably support the conclusion that at least some of the additional motion practice was warranted: Unum apparently did not provide Ms. Ciaramitaro with the documents she sought until at least October. Furthermore, Ms. Ciaramitaro's doggedness in seeking basic enrollment documents indicating the terms of her life insurance coverage—as well as documentary proof that she was indeed covered—is understandable in light of her decade-long battle with Unum to obtain the coverage to which she was entitled.

Ms. Ciaramitaro was injured in 2001. *Ciaramitaro*, 521 Fed.Appx. at 432. She was initially denied disability benefits in 2003, and then spent a year in Unum's internal appeals process before her appeal was denied in 2004. *Id.* at 433. She next took the matter to federal court for the first time, *id.*, but agreed that her claim be remanded to Unum yet again for consideration of the plan provisions relating to workers disability compensation benefits under the Michigan Workers Disability Compensation Act. In 2009, she filed her second federal lawsuit against Unum because Unum had ultimately denied benefits under the plan to her. *Ciaramitaro*, 521 Fed.Appx. at 433. It took another year and a half of litigation before Unum conceded that she was entitled to benefits under the plan. *Id.* After her Unum benefits finally were implemented in 2011, she discovered that the company had failed to activate the Waiver of Life Premium benefit. When both Unum and Greektown

failed to respond to her attorney's correspondence about her life insurance, she brought this—her third—federal lawsuit against Unum. After she successfully defended against Unum's motion to dismiss, Unum concluded that she was entitled to the life insurance benefits as well. It is not hard to understand why, after this over ten-year odyssey through both the Unum appeals process and the federal court system, Ms. Ciaramitaro opted not to rely solely on a short email from Unum's counsel saying that she had been awarded the benefits she sought, but instead moved to have the district court's scheduling order enforced, and her plan documents produced.

Unum does not refute Ms. Ciaramitaro's assertion that it failed to provide to her the documents showing the terms of her life insurance coverage and indicating that she was actually enrolled until October, even despite her motion practice. Unum's persistent failure to provide Ms. Ciaramitaro with her basic life insurance benefit documents indicates that Ciaramitaro's motion practice might have been reasonable.

Nonetheless, we review the district court's order here only for abuse of discretion, and the fact that the record could support an alternate conclusion is not sufficient to warrant reversal. Courts have reversed a district court's denial of attorneys' fees when the decision does not fall "within in the range of permissible decisions," *see Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 53 (2d Cir.2009), or when the district court has failed to engage in the appropriate analysis required in that particular Circuit, *see, e.g., Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr*, 384 F.3d 667, 674 (9th Cir. 2004) (reversing district court's denial of attorney's fees because district "paid little heed" to certain principles underlying the

"special circumstances" doctrine); *see also Lauder v. First Unum Life Ins. Co.*, 76 Fed.Appx. 348, 350 (2d Cir.2003) (reversing district court's denial of attorney fees where defendant "persiste[d] in advancing its defense of lack of disability in the district court after [the Second Circuit] had ruled that it had waived this contention, as well as the frivolous nature of virtually every position it has advocated in the litigation.")

By the August 16 deadline in this case, Unum's counsel had orally informed Ms. Ciaramitaro's counsel that she would be covered by the life insurance plan, and both confirmed this in an email and attempted to initiate a dialogue about resolving the attorney's fee issue several days later. In the end, we cannot say that the district court abused its discretion in determining that it would have been more efficient to resolve the remaining issues through conferences rather than through motion practice after Unum already conceded it would grant Ms. Ciaramitaro the life insurance benefits she sought. By reaching this conclusion, we do not condone Unum's conduct throughout this litigation; in fact, Unum's conduct has been more often than not disappointing. We hold only that the district court did not abuse its discretion when it determined that it was unnecessary to award Ms. Ciaramitaro attorney's fees for motions filed *after* counsel for Unum conceded Ms. Ciaramitaro's entitlement to the life insurance plan at issue here.

■ This court also declines to adopt Ms. Ciaramitaro's related argument that because Unum's briefing specifically targeted $5,819.75 in attorney's fees that it deemed were unreasonable—leaving Plaintiff with a balance of $13,885.34—the court was unreasonable in only awarding $9,584.12 in fees. ERISA grants the district court the discretion to award reasonable attorney's fees to either party. 29 U.S.C. § 1132(g)(1). Unum argued that Ms. Ciaramitaro's attorney should not be entitled to any fees at all, but that if fees were awarded, the $5,819.75 should be deducted because that amount entirely pertained to unwarranted motion practice Ms. Ciaramitaro engaged in after dispute had been resolved. The district court was free under Section 1132 to deny more fees, provided that it did not abuse its discretion in doing so.

Because the district court rationally employed the *King* factors, and because the record contains sufficient support for its determination of which fees it allowed and which fees it denied, we cannot say that we have a "definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors," as would be required for a finding that the district court abused its discretion.

## B. Penalties

Ms. Ciaramitaro asserts that the district court erred because it denied her penalties under the statute simply on the basis of its finding that Unum did not have a bad faith position. The ERISA penalties provision gives courts discretion to impose a fine of up to $100 per day on "[a]ny administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request." 29 U.S.C. § 1132(c)(1)(B). This court reviews a district court's decision regarding penalties under Section 1132(c)(1) for abuse of discretion. *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 584 (6th Cir.2002). "An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made." *Bartling v.*

*Fruehauf Corp.,* 29 F.3d 1062, 1068 (6th Cir.1994).

■ As Ms. Ciaramitaro correctly notes, a district court has the discretion to award penalties under ERISA even in the absence of a finding of bad faith on the part of the plan administrator or prejudice against the plaintiff. *McGrath v. Lockheed Martin Corp.,* 48 Fed.Appx. 543, 557 (6th Cir.2002); *see also Bartling,* 29 F.3d at 1066–67. Nonetheless, the law indicates—and the parties agree—that though the presence or absence of bad faith on the part of the plan administrator need not be dispositive, it is a factor that the district court is free to consider. *Bartling,* 29 F.3d at 1069. Indeed, in *Bartling,* a decision in which the district court awarded penalties to the plaintiffs absent a showing of prejudice or bad faith, the Sixth Circuit noted, "Many courts have refused to impose any penalty at all under § 1132(c)(1)(B) in the absence of a showing of prejudice or bad faith" and that "the court below would have been acting within its discretion if it had imposed no penalty at all on Defendants." *Id.*

Here, the district court appears to have erroneously concluded that it lacked discretion to award penalties in the absence of bad faith. Denying penalties to Ms. Ciaramitaro, the court stated that:

> Clearly it was Unum's position that plaintiff was not covered under the life insurance plan. After the court's ruling on the motion to dismiss, Unum elected to provide the coverage. As noted above, the court has not found this to be a bad faith position and does not find that the [penalty] provision applies in this case. Moreover, *even if the court had the discretion to apply the penalty provision* in this situation, it would not do so under the unique circumstances of this case.

*Ciaramitaro v. Unum Life Ins. Co. of Am.,* No. 13–CV–10268, 2014 WL 320077 at \*3 (E.D.Mich. Jan. 29, 2014) (emphasis added). As discussed above, the district court did in fact have the discretion to apply the penalty provision in this case, even after finding that Unum did not exhibit bad faith. But though the district court was in error about the standard, it was clear about what it would hold on remand if called to exercise its discretion: it would not apply the penalty provision even if it had the power to do so. *Id.* Because the court explained how it would exercise its discretion, we decline to remand the case based on the earlier misstatement of the standard. *See Gaeth v. Hartford Life Ins. Co.,* 538 F.3d 524, 532 (6th Cir.2008) (district court committed no error when it failed to explicitly make a required finding about a fee award's deterrent effect on other companies, when its finding with respect to the defendant "leaves little doubt" that on remand it would make the same finding with respect to other companies). We turn to review of the court's decision to deny penalties.

■ Here the court considered, as it may, the administrator's bad faith or lack thereof when determining whether to award penalties under Section 1132(c)(1). In her briefing on appeal, Ms. Ciaramitaro specifically points to three requests for information about her insurance policy that she believes must give rise to a finding of bad faith here. The first is a letter to Unum sent on March 16, 2012, requesting "all life insurance policies" and "any other policies [in] which she is the insured." The second is an August 25, 2012 email sent to Greektown, requesting Ms. Ciaramitaro's enrollment record and current beneficiary designation. The third is a December 17, 2012 letter to Unum inquiring about whether it "continued making life insurance premiums retroactive on Ms. Ciaramitaro's life insurance policy"

and stating that legal action would be taken if Unum did not reply within seven days. Absent the August communication, which was sent only to Greektown, Ms. Ciaramitaro made two information requests to Unum that were spaced nine months apart. We find Unum's failure to reply to these communications concerning. This alone, however, is insufficient to lead to the conclusion that the district court abused its discretion by determining that Unum was not acting in bad faith.

In addition to considering bad faith, courts determining whether to apply ERISA penalty provisions for failure to timely disclose documents have considered other factors such as prejudice to the party seeking the information and the sheer number of plaintiffs affected. *Bartling*, 29 F.3d at 1066–67, 1069. Ms. Ciaramitaro, however, has not pointed to any other pertinent factors that would lead this court to conclude that the district court abused its discretion by denying penalties in this case.

Accordingly, we do not find that the district court abused its discretion in denying penalties here. Therefore, we need not reach the parties' additional arguments concerning the applicability of the statutory penalties to Unum when another company is the plan administrator named in the policy.

### III. CONCLUSION

We AFFIRM the district court's order awarding the plaintiff partial attorney's fees and denying penalties.