**HEALTH COST CONTROLS,**
Plaintiff–Appellee,

v.

**Ralph ISBELL, Father and Next Friend of Tammy Isbell, Defendant–Appellant.**

No. 96–5814.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 11, 1997.

Decided Nov. 6, 1997.*

---

* This decision was originally issued as an "unpublished decision" filed on November 6, 1997. On March 12, 1998, the court designated the opinion as one recommended for full-text publication.

---

David A. Belofsky (argued and briefed), James J. Merriman (briefed), David A. Belofsky & Associates, Chicago, IL, for Plaintiff–Appellee.

Lee L. Coleman (briefed), Cynthia W. Crocker (argued and briefed), Hughes & Coleman, Bowling Green, KY, for Defendant–Appellant.

Before: SUHRHEINRICH and MOORE, Circuit Judges; BELL, District Judge.**

## OPINION

SUHRHEINRICH, Circuit Judge.

Defendant–Appellant, Ralph Isbell, appeals the grant of summary judgment for Plaintiff Health Cost Controls ("HCC"), the legal agent of an ERISA plan (the "Plan") administrator. HCC sued Isbell for reimbursement of medical benefits the Plan provided for Isbell's dependent daughter, a Plan beneficiary, after she recovered from a third party tortfeasor for her injuries. Isbell asserted an offset to the reimbursement for his legal costs attributable to recovery of the medical benefits. The district court found for HCC, holding that the terms of the Plan required full reimbursement and did not otherwise apportion attorney's fees. The district court also reasoned that state common law and general principles of equity should not undermine the express language of an ERISA plan. We **AFFIRM.**

## I. BACKGROUND

Isbell is a member of a self-funded employee group medical plan administered by Continental Assurance Company ("CNA"). Isbell's daughter, a dependent beneficiary of the Plan, was injured in an accident and received $145,000 of medical benefits from the Plan. Defendant then sued the third-party tortfeasor and settled for $1,000,000. CNA knew of the suit but did not intervene.

After Isbell settled, he did not voluntarily reimburse the Plan. Rather, HCC, representing CNA, sued Isbell for reimbursement of the medical benefits. HCC relied on the Plan's reimbursement provision, which required a beneficiary to agree to reimburse the Plan for benefits for which a third-party may be liable. The Plan specified:

[I]n no event will the amount of reimbursement to the Insurance Company exceed the lesser of:

1. The amount actually paid under the Plan, or

2. The amount actually recovered from that part of the judgment or settlement in excess of the amount necessary to fully reimburse the Employee or dependent for out-of pocket expenses incurred, including attorney fees.

Initially, the district court reduced HCC's reimbursement claim from $145,000 to about $86,500, holding that the Plan must bear a proportional share of the legal expenses that Isbell incurred. The district court reasoned that without Isbell's legal expenses the Plan would not have been reimbursed at all and that it was only fair that the Plan share in the costs. On rehearing, however, the district court reversed itself and did not apportion the attorney's fees because the Plan did not specifically provide for it. The district court relied upon *Ryan by Capria–Ryan v. Federal Express Corp.,* 78 F.3d 123, 127–28 (3rd Cir.1996), where plan participants incurred legal expenses in prosecuting medical malpractice claims and attempted to reduce their reimbursement obligation under the

---

** The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

subrogation provision of their plan. The participants argued that the benefit plan would be unjustly enriched by their efforts if there were no pro rata offsets from the reimbursement to reflect their legal expenses. The *Ryan* court held that an ERISA plan participant could not offset for attorney's fees where the plan unambiguously required full reimbursement. Isbell appealed.

## II. DISCUSSION

This Court must decide whether HCC's right to reimbursement should be equitably reduced by a proportional share of Isbell's legal costs in obtaining the recovery from which Isbell will reimburse HCC. Unlike state courts, federal courts are "not general common-law courts and do not possess a general power to develop and apply their own rules of decision." *Tassinare v. American Nat'l Ins. Co.*, 32 F.3d 220, 225 (6th Cir.1994), (quoting *Milwaukee v. Illinois*, 451 U.S. 304, 312, 101 S.Ct. 1784, 1789–90, 68 L.Ed.2d 114 (1981)). Congress intended that the judiciary would develop and apply federal common law for ERISA claims. *Weiner v. Klais & Co.*, 108 F.3d 86, 92 (6th Cir.1997). "In the realm of pensions, federal common law has only been 'fashion[ed] ... when it is necessary to effectuate the purposes of ERISA.'" *Tassinare*, 32 F.3d at 225 (quoting *Singer v. Black & Decker Corp.*, 964 F.2d 1449, 1452 (4th Cir.1992). A primary purpose of ERISA is to ensure the integrity and primacy of the written plans. *Duggan v. Hobbs*, 99 F.3d 307, 309–10 (9th Cir.1996); *Van Orman v. American Ins. Co.*, 680 F.2d 301, 312 (3d Cir.1982). Thus, the plain language of an ERISA plan should be given its literal and natural meaning. *Burnham v. Guardian Life Ins. Co.*, 873 F.2d 486, 489 (1st Cir.1989). Federal common law also fills the gaps of ERISA to assist in the interpretation of ERISA plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987). However, federal courts may not apply common law theories to alter the express terms of written benefit plans. *Bollman Hat Co. v. Root*, 112 F.3d 113, 116 (3rd Cir.1997); *Cinelli v. Security Pacific Corp.*, 61 F.3d 1437, 1444–45 (9th Cir.1995); *Parker v. BankAmerica Corp.*, 50 F.3d 757, 769 (9th Cir.1995); *Singer*, 964 F.2d at 1452; *Land v. Chicago Truck Drivers, Helpers, and Warehouse Workers Union (Independent) Health and Welfare Fund*, 25 F.3d 509, 511 (7th Cir.1994).

Here, the Plan expressly requires full reimbursement of the Plan for medical benefits when a beneficiary recovers sufficient damages from a third party tortfeasor. Further, the Plan does not offset the reimbursement by the beneficiary's legal costs attributable to recovery of the medical benefits. Thus, Isbell does not have an affirmative contractual right under the Plan to a set-off for legal costs attributable to recovering the amount of the medical benefits. Moreover, Isbell has not identified to this Court that application of a set-off under a equitable common fund doctrine would advance any explicit statutory purpose of ERISA. Rather, we find that it would undermine the express terms of the Plan that require full reimbursement for medical benefits.

Accordingly, we AFFIRM the district court.