Jason MCCLURE, Plaintiff,

v.

UNITED PARCEL SERVICE FLEXIBLE BENEFITS PLAN, and State Farm Mutual Automobile Insurance Company, Defendants.

Case No. 1:14-CV-845

United States District Court, W.D. Michigan, Southern Division.

Signed June 13, 2016

Robert Brown June, Law Offices of Robert June, PC, Ann Arbor, MI, for Plaintiff.

Elisa Jean Lintemuth, Dykema Gossett PLLC, Grand Rapids, MI, Paul Anthony Wilhelm, Dykema Gossett PLLC, Detroit, MI, Devin Ross Gatfield Day, Kyle Joseph Quinn, Rizzobryan PC, Grand Rapids, MI, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF COSTS AND ATTORNEY FEES

GORDON J. QUIST, UNITED STATES DISTRICT JUDGE

Plaintiff, Jason McClure, has filed a motion for an award of costs and attorney's fees against Defendant State Farm Mutual Automobile Insurance Company pursuant to 29 U.S.C. § 1132(g)(1). State Farm has filed a response, arguing that: (1) § 1132(g)(1) does not apply in this case because State Farm is not an ERISA plan and McClure's claims against State Farm were based not on ERISA, but on federal common law; (2) even if § 1132(g)(1) applies, based on the pertinent considerations, the Court should deny fees to McClure; and (3) any fee award should be reduced because it is excessive.

For the foregoing reasons, the Court will award McClure costs and fees pursuant to § 132(g)(1), but will reduce the amount of fees requested because some of the fees pertained only to Defendant United Parcel Service Flexible Benefits Plan (Plan), as to which McClure is not requesting a fee award.

The instant case resulted from two separate automobile accidents that occurred in 2009 and 2011 between McClure and other drivers. The Plan paid McClure's medical expenses following both accidents. McClure filed a complaint in state court against State Farm and the other drivers involved in the two accidents. McClure sought to recover non-economic damages from the other drivers and his medical expenses from State Farm. State Farm argued that it was not liable for McClure's medical expenses because the coverage under the no-fault automobile insurance policy it issued to McClure was subordinated to the Plan's coverage of McClure's expenses. At some point, the Plan, through Accent Cost Containment, notified McClure that it would seek reimbursement of medical expenses that the Plan had paid from the proceeds of any recovery that McClure obtained in the state-court lawsuit.

McClure filed his complaint in this case against State Farm and the Plan pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), seeking, among other things, a declaration by this Court that State Farm is primarily liable for McClure's medical expenses and that State Farm is required to reimburse McClure if McClure is required to reimburse the Plan out of any third-party recovery he obtains in the state-court action. Shortly after McClure filed his complaint, State Farm moved to dismiss it on ripeness grounds and for failure to state a claim. State Farm also filed a motion for judgment on the pleadings. On February 25, 2015, the Court issued a Memorandum Opinion and Order denying State Farm's motions. (ECF No. 14.) Subsequently, the parties filed cross motions for summary judgment. On Feb-

ruary 12, 2016, the Court entered an Opinion and separate Order granting McClure's motion with regard to Counts I, II, and V of his first amended complaint and declaring that State Farm is primarily liable for McClure's medical expenses arising out of the 2011 accident and that McClure is entitled to reimbursement from State Farm to the extent that he is required to reimburse the Plan. (ECF Nos. 38, 39.)

### Section 1132(g)(1) Applies in this Case

Pursuant to 29 U.S.C. § 1132(g)(1), "[i]n any action under this title ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." State Farm argues that § 1132(g)(1) does not apply to it because State Farm issues no-fault automobile insurance policies that are not subject to ERISA regulation and State Farm itself is not an entity regulated by ERISA. State Farm further argues that no provision under ERISA authorizes a civil action against a non-ERISA defendant.

■ These arguments lack merit. In his complaint and his amended complaint, McClure alleged that he was invoking 29 U.S.C. § 1132(a)(3) to declare and enforce the parties' rights under the terms of the Plan. (ECF No. 1 at PageID.1; ECF No. 9 at PageID.360.) That provision authorizes civil actions "by a participant, beneficiary, or fiduciary ... to enforce ... the terms of the plan." Nothing in that language, or in the language of § 1132(g)(1), limits the parties who may be sued to only ERISA-regulated entities. For example, in *Central States, Southeast and Southwest Areas Health and Welfare Fund v. First Agency, Inc.*, 756 F.3d 954 (6th Cir.2014), invoking § 1132(a)(3)(B), an ERISA plan sued a non-ERISA insurer seeking to resolve a coverage priority dispute. *Id.* at 955. In fact, the Sixth Circuit affirmed the district

court's award of fees to the ERISA plan against the non-ERISA insurer under § 1132(g)(1). *Id.* at 962.

State Farm further argues that § 1132(g)(1) does not apply because McClure's claim seeking declaratory relief regarding the priority dispute was governed by federal common law, as set forth in *Auto Owners v. Thorn Apple Valley, Inc.*, 31 F.3d 371 (6th Cir.1994), rather than ERISA. State Farm urges this Court to follow the reasoning of *United Healthcare v. Allstate Insurance Co.*, No. 1:01–CV–56, 2001 U.S. Dist. LEXIS 19292 (W.D.Mich. Nov. 16, 2001), and conclude that because McClure's claim is governed by federal common law, § 1132(g)(1) does not apply.

State Farm's argument misconstrues the nature of federal common law in the context of ERISA. Federal common law is not a body of law separate and apart from ERISA. Rather, "[f]ederal common law ... fills the gaps of ERISA to assist in the interpretation of ERISA plans." *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir.1997) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987)). Thus, in *Auto Owners*, the court had to resort to federal common law because ERISA did not directly address priority disputes between an ERISA plan and a no-fault insurer. Moreover, no provision of ERISA allowed a no fault insurer to sue an ERISA plan regarding a priority dispute. In short, whether a court applies federal common law to resolve a dispute concerning an ERISA plan is wholly unrelated to whether such "action [is brought] under [Title 29]" for purposes of § 1132(g)(1). Accordingly, this Court declines to apply the reasoning of *United Healthcare*.

### An Award of Costs and Fees is Proper Under § 1132(g)(1)

■ Section 1132(g)(1) "gives district courts more leeway to shift fees than the

American Rule, the common-law principle that allows fee awards only in rare cases." *Central States*, 756 F.3d at 962. However, "a fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)," *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255, 130 S.Ct. 2149, 2158, 176 L.Ed.2d 998 (2010) (internal quotation marks omitted). Given that McClure obtained most, if not all, of the declaratory relief that he sought against State Farm, McClure obtained the requisite degree of success for an award of costs and fees under § 1132(g)(1).

■ The Sixth Circuit has identified five factors district courts should consider in assessing the propriety of an award of fees and costs under ERISA: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 445 (6th Cir.2006) (citing *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985)). "No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642–43 (6th Cir.2006).

### 1. State Farm's Culpability or Bad Faith

The Sixth Circuit has stated that "this court's caselaw by no means *precludes* a finding of culpability or bad faith based only on the evidence that supported a district court's [merits] determination." *Gaeth*

*v. Hartford Life Ins. Co.*, 538 F.3d 524, 530 (6th Cir.2008).

McClure argues that this factor weighs in favor of an award because State Farm not only lacked a legitimate basis for its legal position that the Plan was primary for payment of McClure's medical expenses, but State Farm also displayed an intent to delay both these and the state-court proceedings, and consequently delay McClure's recovery by engaging in unnecessary and unfounded litigation tactics. For example, McClure argues, after stipulating to a stay of the state-court proceedings to allow McClure to file the instant declaratory judgment action, State Farm filed a motion to dismiss and a motion for judgment on the pleadings—which this Court ultimately denied—arguing that McClure's claims were not ripe. McClure also notes that, instead of dispensing with a Rule 16 conference and submitting the matter for decision on summary judgment, as the Court had suggested in its February 25, 2015 Memorandum Opinion and Order (ECF No. 14), State Farm requested a Rule 16 conference and a period of discovery, and then (with the exception of making Rule 26(a) disclosures) failed to conduct any discovery. Finally, McClure notes that after he filed his summary judgment motion, State Farm supported its response with numerous documents that had no bearing on the resolution of the case.

State Farm responds that McClure has shown no bad faith or culpability by either State Farm or the Plan. State Farm notes that, while it did vigorously defend its position, it relied heavily upon the Plan's interpretation of its own plan document and had no reason to dispute the Plan's decision to pay McClure's medical expenses. State Farm claims that it reasonably relied upon the Plan's interpretation, as well as the Plan's decision to not contest

that it had primary liability for McClure's medical expenses.

█ The Court concludes that this factor supports an award of costs and fees because State Farm's conduct was culpable. As the Court observed in its February 10, 2016 Opinion (ECF No. 38 at PageID.1855 n.2), the instant case is somewhat unusual because priority coverage disputes usually involve an ERISA plan and a no-fault or other non-ERISA insurer. The participant is generally not a party in such disputes, and rarely, if ever, are the ERISA plan's and the non-ERISA insurer's positions aligned. In a case such as this, the no-fault insurer might reasonably rely on the ERISA plan's interpretation of the plan documents and simply follow its lead. However, as the Court indicated in its February 10, 2016 Opinion, the Plan's interpretation—which completely and selectively ignored the second phrase of the exclusion at issue—was unpersuasive. In fact, the Court concluded that "[t]he plain intent of the provision is to prevent *any* 'dipping' into the plan when a no-fault insurance policy is available to provide benefits, regardless of whether the no-fault insurer actually delivers the benefits." (*Id.* at PageID.1861.) While a party's reliance on another party's reasonable interpretation might be reasonable, the same is not true for another party's unreasonable interpretation. State Farm's own argument, which the Court described as "tortured," was even less impressive. Moreover, State Farm's tactic of filing a motion to dismiss and motion for judgment on the pleadings raising ripeness—after State Farm stipulated to stay the state-court case to allow McClure to file the instant case—hints, at the very least, of procedural gamesmanship designed to delay a resolution of the issues.

### 2. State Farm's Ability to Satisfy an Award of Attorney Fees

Neither party disputes that State Farm has the financial wherewithal to pay an award of attorney's fees. This factor therefore tends to support an award of attorney fees.

### 3. The Deterrent Effect of Awarding Attorney Fees

This factor requires a court to consider how an award of fees might deter other no-fault insurers. *See Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 531 (6th Cir. 2008) (noting that the Sixth Circuit has consistently held that courts should analyze how a fee award might deter other plan administrators rather than just the defendant). State Farm once again argues that it is not subject to ERISA regulation, but the Court has already concluded that such fact is irrelevant. State Farm, as a no-fault insurer engaged in a priority dispute with an ERISA plan, is a defendant that may be sued under ERISA and that may be subject to an award of attorney fees. The question is whether an award may deter other no-fault insurers from denying their primary liability for medical expenses when the clear applicable ERISA plan language dictates such result.

The Court has no doubt that a fee award would deter other no-fault insurers whose primary liability is not reasonably in question from denying coverage to an insured who has paid premiums fully expecting no-fault coverage. It is not enough for State Farm to simply point to the Plan and proclaim, "hey, we were simply following its lead." In the Court's judgment, the Plan was just as culpable as State Farm because the Plan's reading of the pertinent exclusion was unreasonable. Yet, State Farm did not confine its argument to the Plan's interpretation, but offered additional "tortured" reasons for why the exclusion

did not apply. Thus, as noted above, State Farm's decision to rely on the Plan's unreasonable interpretation is no bar to an award of fees. This factor thus supports an award of fees.

### 4. The Common Benefit

This consideration has two separate aspects. First, did the party requesting fees seek to confer a benefit upon all plan participants? Second, did that party seek to resolve significant legal questions concerning ERISA? *Moon*, 461 F.3d at 645. Here, McClure did not seek to confer a common benefit or to resolve significant legal questions under ERISA. Thus, this factor does not apply.

### 5. Relative Merit of the Parties' Positions

This factor favors an award of fees. The primary issue in this case was simple: whether the no-fault exclusion in effect at the time of the 2011 accident rendered State Farm's coverage primary. The result was not a close call. While it is true, as State Farm notes, that the Court found the first phrase of the exclusion "somewhat awkward," the Court also noted that in light of the second phrase, the plain intent was to exclude coverage when a no-fault policy was available to provide benefits. (ECF No. 38 at PageID.1860–61.)

Based upon its consideration and weighing of the above applicable factors, the Court concludes that an award of attorney fees and costs is appropriate in this case. Factors of particular importance here are State Farm's culpability and lack of a meritorious position. Although not alone entitled to significant weight, the Court also considers State Farm's ability to pay and the potential deterrent effect on other no-fault insurers.

### *Calculating the Award*

In determining reasonable attorney fees, the Court will apply the lodestar method. *See Kissinger, Inc. v. Singh*, 304 F.Supp.2d 944, 953 (W.D.Mich.2003). " 'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir.2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999)). The starting point in the analysis is the "lodestar figure," which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir.1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). Duplicative and unnecessary hours should be excluded from the total number of reasonable hours.

The Court begins with the reasonable hourly rate. "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004) (citing *Adcock–Ladd*, 227 F.3d at 350). McClure requests an hourly rate of $385. McClure's counsel is from Detroit, in the Eastern District of Michigan. McClure's counsel states that his normal hourly for ERISA work is $425, but he is requesting $385 per hour in the instant case because a district judge in a recent ERISA case in the Eastern District found that was an appropriate hourly rate, based largely upon the 2014 State Bar of Michigan Economics of Law Survey (State Bar Survey). (ECF No.40-2 at PageID.1894; ECF No. 40-2 at PageID.1903.) McClure

also supports his request with an affidavit from attorney Troy Haney, who regularly handles ERISA cases in the Western District of Michigan. (ECF No. 40-3 at PageID.1927–29.) Attorney Haney states that his current hourly rate is $450, and he believes that McClure's counsel's requested hourly rate of $385 is fair and reasonable. (Id. at PageID.1931–32.)

State Farm, on the other hand, argues that the requested rate is too high considered in light of information reported in the 2014 State Bar Survey. State Farm notes that for the 75th percentile, the hourly rate for attorneys in Kent County is $370, the hourly rate for attorneys with 22 years of experience (such as McClure's counsel) is $350, the hourly rate for attorneys practicing employment law from the plaintiff's side is $330, and the hourly rate for sole practitioners is $250. State Farm argues that the requested hourly rate is high in comparison to the rates reported by sole practitioners in the 95th percentile and requests that the requested "rate be reduced to be in line with sole practitioners and employment attorneys in this territorial area," (ECF No. 41 at PageID.1944); but State Farm does not state what hourly rate would be appropriate.

■ The Court believes that fee awards in ERISA cases in this district serve as an appropriate measure of a reasonable rate in the instant case. In *Huizinga v. Genzink Steel Supply and Welding Co.*, 984 F.Supp.2d 741 (W.D.Mich.2013), Judge Jonker found that the plaintiff's counsel's rates of $350 for work through the end of 2011 and $375 beginning January 2012 were reasonable. *Id.* at 750–51. The plaintiff's counsel in *Huizinga* had approximately 16 years of experience in employment law and wrongful termination cases.

*Id.* at 751. In *Moore v. Menasha Corp.*, No. 1:08–CV–1167, 2013 WL 308960 (W.D.Mich. Jan. 25, 2013), Judge Bell found that $300 per hour was the prevailing market rate for the plaintiffs' attorneys' work. *Id.* at *2. In *Bender v. Newell Window Furnishings, Inc., et al.*, No. 1:06-CV-113 (W.D. Mich. July 13, 2012) (ECF No. 342 at PageID.15901), Judge Jonker affirmed the magistrate judge's use of a blended rate of $375 per hour for time billed between 2005 and 2010. In *Crider v. Highmark Life Insurance Co.*, No. 1:15-CV660 (W.D. Mich. Nov. 21, 2006) (ECF No. 37 at PageID.335), Magistrate Judge Scoville found that the requested hourly rate of $350 was reasonable.[1] Finally, in *Soltysiak v. Unum Provident Corp.*, 480 F.Supp.2d 970 (W.D.Mich.2007), Judge Bell found that a rate of $280 was reasonable based on the 2003 Michigan State Bar Survey. *Id.* at 976. Based on the foregoing cases, as well as the supporting materials in the record, the Court concludes that the requested rate of $385 is a reasonable hourly rate for lawyers of comparable skill and experience who handle ERISA litigation in this district.

As for the number of hours expended on the case, McClure's counsel's time records indicate that counsel spent a total of 78.20 hours in performing various tasks in the litigation. State Farm objects to the hours McClure's counsel spent on the case on the grounds that block billing and vague entries are discouraged in the Sixth Circuit, and attorney fees should not be awarded for non-legal, clerical, and administrative tasks. Yet, State Farm fails to identify specific examples of block billing or non-legal tasks that warrant a reduction in the number of hours requested. Nonetheless, the Court has reviewed counsel's billing

1. The opinion and judgment were vacated pursuant to stipulation because the parties reached a settlement on appeal.

entries and concludes that these particular objections lack merit.

The Court agrees with State Farm that the requested hours should be reduced to the extent they relate to McClure's claims against the Plan. A review of counsel's time entries reveals that counsel did not exclude time spent on matters pertaining to the Plan. Although State Farm fails to identify specific entries that relate solely to the Plan, the Court has reviewed the time entries and concludes that a total of 9.05 hours of should be excluded on the basis that it pertained solely to the Plan.[2] In addition, counsel spent a total of 15.8 hours preparing the motion for summary judgment and supporting brief that was not specifically allocated to either State Farm or the Plan. The Court estimates that approximately 25% of McClure's summary judgment brief was devoted solely to issues concerning the Plan. The Court thus finds it appropriate to reduce 15.8 hours by 25% for non-State Farm work, resulting in an additional reduction of 3.95 hours.

Accordingly, the Court will award McClure $25,102 in attorney fees, based on 65.2 hours spent on the claims against State Farm at an hourly rate of $385. State Farm does not dispute McClure's entitlement to $445.28 in costs for the filing fee and three FedEx shipments.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Costs and Attorney's Fees (ECF No. 40) is **GRANTED in part.** Plaintiff is awarded $25,102 in attorney's fees and $445.28 in costs.

**2.** The excluded time was incurred on 6/11, 6/21, 8/9, 8/13, 8/25, 9/3, 10/9, and 11/18 of 2015 and 3/5, 4/3, 4/9, 4/13, 5/5, 5/26, 10/9, and 10/10 of 2015. For entries that identified both State Farm and the Plan, the Court reduced the hours by 50%.